965 F.2d 1065
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Willie L. BALLARD, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 92-3012.
 United States Court of Appeals, Federal Circuit.
 April 24, 1992.
 
 Before NIES, Chief Judge, and ARCHER and MAYER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Willie L. Ballard (Ballard) seeks review of an initial decision of the Merit Systems Protection Board (Board) (PH07529110430, dated June 5, 1991), which became the final decision of the Board on September 18, 1991, see 5 C.F.R. § 1201.113(b), dismissing his claim for lack of jurisdiction. We affirm.
 
 DISCUSSION
 
 2
 On November 25, 1985, the United States Postal Service sent Ballard a notice of proposed removal based on charges of certain criminal activity. The return receipt for the notice letter showed it was received at Ballard's address on November 26, 1985 and carried what appeared to be Ballard's signature. The notice informed Ballard that he should respond within ten days of receipt. On the tenth day, December 6, 1985, Ballard submitted a resignation, stating as his reasons: "Persue [sic] another type career; medically." More than five years later, on February 25, 1991, Ballard appealed to the Board contending that his resignation was involuntary.[1]
 
 
 3
 The Board does not have jurisdiction over a voluntary resignation. See 5 C.F.R. § 1201.3. When an employee is faced merely with the unpleasant alternative of resigning or being subject to removal for cause, however, such limited choices do not make the resignation involuntary. Schultz v. United States Navy, 810 F.2d 1133, 1136 (Fed.Cir.1987).
 
 
 4
 Before the Board, Ballard argued that he was unaware of the notice of proposed removal, that there was in any event no connection between the notice and his resignation, and that the Postal Service coerced him into resigning because it would not let him return to work.[2] The Administrative Judge determined, however, that Ballard was not a credible witness and that the most likely explanation for his resignation was that he was likely to be fired. The Administrative Judge concluded that Ballard resigned voluntarily. These credibility findings are "virtually unreviewable." Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986).
 
 
 5
 Because Ballard's resignation was properly determined to have been voluntary, the Board lacked jurisdiction and correctly dismissed Ballard's appeal. See 5 U.S.C. § 7703(c).
 
 
 
 [1]
 The Board did not reach the issue of whether Ballard's appeal was timely
 
 
 [2]
 Although Ballard also contended that the Postal Service had advised him either to return to work or resign, this reference was to a notice sent to him in September 1983. Ballard's status at that time was the subject of an unrelated arbitration proceeding, which resulted in a restoration of full benefits to him for the period from October 3, 1983 to December 6, 1985